Wilde J.
drew up the opinion of the Court. There can be no doubt, upon the facts as we understand them, that this action was rightly brought in the name of the plaintiff. ■ It is not denied that, at the time of the supposed trespass, the property of the hay in question was in the plaintiff. It was attached by the defendant as his property, and if the taking was tortious, the right of action vested in him, and was not by law assignable. The subsequent sale might amount to an equitable assignment, and authorize the vendee to maintain the action in the plaintiff’s name; And if it were not so, it was too late to question his authority after plea pleaded. ■ If the plaintiff did not authorize the suit, the objection should have been made at the first term.
It has been argued, that a recovery in this action would be no bar to a future action in the name of the vendee ; that he might demand the property of the sheriff and maintain trover. This might be so, perhaps, if this action were prosecuted for *171 tne use of the present plaintiff, but it is alleged in the exceptions, that the action was commenced by the vendee, and is prosecuted for his benefit; and if so, the argument clearly fails.
Whether the return of the officer, that he attached the property in dispute, is conclusive evidence of the taking, seems to be a question of greater doubt. The general rule is, that an officer’s return is conclusive evidence of the facts returned, and cannot be controverted, except in an action against him for a false return. But does the return of an officer, that he had attached personal property, necessarily imply that he took the property, so as to make him a trespasser, if the attachment should fail ? Cases, I think, may be supposed, in which evidence to disprove such an inference might be admissible. For instance, suppose an attachment to be returned at the request of the owner of the property, in order to give a preference to a favored creditor; certainly in such a case the officer could not be charged as a trespasser, for volenti non fit injuria. So if an officer returns an attachment without removing the property, leaving it in the possession of the debtor at his request; the attachment may be good for some purposes, as it would render him liable to the creditor, and would authorize him afterwards to take possession of the property.[1] Evidence, therefore, to show that in fact the officer did not remove the property, would not expressly contradict the return. In an action of assault and battery against an officer, the return of an arrest would not be conclusive evidence against him, for the debtor might have submitted to the arrest without any force, and the officer would be allowed to prove the fact in his defence.
We think, therefore, that it cannot be maintained as a proposition universally true, that the return of an attachment of personal property conclusively proves the taking, so as to subject the officer to an action of trespass. But it is not necessary to decide whether the return in this case was conclusive evidence or not; the facts offered to be proved by the defendant are not so fully and distinctly stated in the exceptions, as to enable us to judge whether the hay was actually removed or not; and it *172 is immaterial, because on another exception we are of opinion that the defendant is entitled to a new trial.
The plaintiff, in his declaration, has charged two distinct acts of trespass ; and these acts the defendant in his plea has undertaken to justify. Whether the plea is a good and sufficient justification, is not the question. If it°is insufficient, the plaintiff should have traversed it, or demurred. Instead of which, he has virtually abandoned the charges contained in the writ, by newly assigning another trespass, which he avers is different from those mentioned in the plea; and if so, it is different from those mentioned in the writ; for the plea avers that the supposed trespasses attempted to be justified are the same which are charged in the writ, and this averment is not denied.
To the trespass newly assigned, the defendant pleaded not guilty, and the plaintiff was bound to prove another and different trespass from those charged in the writ. This he failed to do ; only two trespasses were proved, and both might have been given in evidence upon the original counts ; consequently neither of them could be proved in support of the new assignment ; for we cannot admit that the plaintiff had a right to give evidence on the trial, of the trespass mentioned in his first count, on the ground assumed by his counsel, who contend that the evidence was rightfully admitted, because the plea was no sufficient justification of that trespass. But this is immaterial ; the sufficiency of the plea cannot be considered thus incidentally. The plaintiff was estopped to prove this trespass, by his averment that the trespass newly assigned was a different one.
He should have replied, and traversed the justification, and as the facts appear, he would have been entitled to recover on the first count. It is said that this would be an admission that the trespass attempted to be justified, was the same charged in the writ; but how could such an admission prejudice the plaintiff, if he traversed the fact, that the property was first taken on the execution ? There certainly could have been no difficulty in this form of pleading. The whole embarrassment has arisen in consequence of the new assignment, which was unnecessary and improper.
The plaintiff might have newly assigned the first trespass as *173 to time, by averring that it was committed before the execution issued, under which the defendant attempted to justify ; but then he should have omitted the averment, that it was a different trespass. In failing to prove this averment he failed to support the issue on his part, and the verdict should have been for the defendant.
JVeio trial granted.

 See Lathrop v. Cook, 14 Maine R. (2 Shepley,) 414.